UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY L. SETTOON, JR.                CIVIL ACTION

VERSUS                                NO. 15-314

PHILLIPS 66 COMPANY                   SECTION "C" (4)
COMPANY

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal . Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

In the petition, the plaintiff seeks recovery for injunctive relief and monetary damages to his property allegedly caused by the defendants' underground storage tanks. Suit was filed on December 4, 2014, and removed on the basis of diversity jurisdiction on February 2, 2015. The Court asked for memoranda addressing the issue of subject matter jurisdiction, and the parties subsequently submitted a joint memorandum and stipulation that the plaintiff will not accept a sum in excess of the jurisdictional minimum. Rec. Docs. 13-14.

With regard to the existence of the jurisdictional minimum, the parties may neither

consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The defendants have not met their burden to show that the jurisdictional amount

is facially apparent for present purposes, nor have they made a showing sufficiently particularized to meet their burden.  Even if the post-removal stipulation to less than the jurisdictional minimum is not binding, it is strong evidence that the amount in controversy is less than the jurisdictional minimum.

Based on the record and the law, the Court can not find that the defendants have established subject matter jurisdiction.   In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, 4th  day of March, 2015.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE